IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:24-CV-83-FL

| | |
|---|---|
| SUSANNE WONG, | ) |
| Plaintiff, | ) |
| v. | ) |
| COUNTYLINE AUTO CENTER INC. d/b/a Lexus of Pembroke Pines, a Florida based automobile dealership; TOYOTA FINANCIAL SERVICES SECURITIES USA CORPORATION; TQI EXCHANGE, LLC, | ) ORDER |
| Defendants. | ) |

This matter is before the court on its own initiative to address the court's subject matter jurisdiction over this case. Also pending are plaintiff's motion to seal, for direct assignment, and for hearing (DE 1). For the following reasons, this matter is dismissed for lack of subject matter jurisdiction. Plaintiff's motions for direct assignment and for hearing are denied. Plaintiff's motion to seal is granted in part and denied in part as set forth herein.

STATEMENT OF THE CASE

Plaintiff commenced this action June 3, 2024, in the form of a "special bill in equity for specific performance & declaratory relief" against defendants, who are alleged to be "a Florida-based automobile dealership doing business in conjunction with Toyota Financial Services Securities USA Corporation and TQI Exchange, LLC, operating collectively through several dealerships located throughout the State of Florida and North Carolina." (Comp. (DE 2) at 1).

Plaintiff asserts declaratory and injunctive relief arising out of defendants' alleged "breach of fiduciary duty," and she seeks a release of "all rights, assets, interest, rents, issues, proceeds and titles by nature associated with the account related to this matter and the Estate of 'SUSANNE WONG'™/ 'Susanne Wong' to the implied surety, now subrogee under the doctrine of equitable subrogation, substitution, and exoneration and the doctrine of quia timet." (Id. at 3).

By way of summary, plaintiff alleges in an accompanying statement of facts that she "bears antecedent claim and superior title to the Estate of principal debtor, 'SUSANNE WONG'™/ 'Susanne Wong', a Florida organization, including but not limited to all collateral, assets, funds, rights, titles, interests." (Pl's Mem. (DE 3) at 1). Plaintiff alleges that she "is a sentient being, born on the land/country of the State of Florida, temporarily visiting the State of North Carolina." (Compl. (DE 2) at 1). She alleges she "leased a 2021 Lexus NX300" from defendants in Florida on May 24, 2021, and that defendants sent her recently a statement bearing a "total balance of" $26,982.06, and a "buyer's order" bearing a total of $27,295.35. (Pl's Mem. (DE 3) at 2, 4). Plaintiff further alleges that she "remains in possession of said Automobile and claims full title by nature and accepts as grantee absolute." (Id. at 6).

In her motions, plaintiff seeks to have the matter "assigned to local Judge" at New Bern, to seal the case "to protect the nature of all rights," and to schedule the matter for an "evidentiary hearing[] with the chancellor or clerk in private" before June 14, 2024. (Pl's Mot. (DE 1) at 2).

## COURT'S DISCUSSION

A.    Standard of Review

"Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004). "Accordingly, questions of subject-matter jurisdiction may be

raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Id. (emphasis in original).

"The Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008). "[W]hen the inquiry involves the jurisdiction of a federal court,—the presumption in every stage of a cause being that it is without the jurisdiction of a court of the United States, unless the contrary appears from the record." Lehigh Min. & Mfg. Co. v. Kelly, 160 U.S. 327, 337 (1895).

"Furthermore, the complaint must state on its face the grounds for its jurisdiction." Bowman, 388 F.2d at 760. "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, MD., 191 F.3d 394, 399 (4th Cir. 1999). "These rules are applicable to diversity as well as to the 'Federal question' jurisdiction of the District Courts." Bowman, 388 F.2d at 760. "The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001).

"Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001); see Goldsmith v. Mayor & City Council of Baltimore, 845 F.2d 61, 64 (4th Cir. 1988) ("The mere existence of a disputed

issue of federal law does not confer federal question jurisdiction."). Likewise, "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from . . . plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). The amount in controversy in excess of $75,000 also is determined "by reference to the plaintiff's complaint." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010); see 28 U.S.C. § 1332(a).

"Pro se complaints are to be read liberally." White v. White, 886 F.2d 721, 724 (4th Cir. 1989). "However, liberal construction does not require [the court] to attempt to discern the unexpressed intent of the plaintiff, but only to determine the actual meaning of the words used in the complaint." Williams v. Ozmint, 716 F.3d 801, 805 (4th Cir. 2013). Liberal construction also "does not undermine the requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008).

B.   Analysis

Plaintiff fails to demonstrate the existence of this court's subject matter jurisdiction over this case, either by virtue of federal question or diversity jurisdiction. The court addresses these components of federal subject matter jurisdiction in turn below.

1.   Federal Question

A federal question does not "appear[] on the face of" plaintiff's complaint. Columbia Gas Transmission Corp., 237 F.3d at 370. To the contrary, plaintiff asserts only common law claims for "breach of fiduciary duty," and for equitable and injunctive relief, to declare plaintiff's right and title to property in the form of a leased vehicle. (Compl. (DE 2) at 3; Pl's Mem. (DE 3) at 1). Plaintiff asserts, variously, that the instant case is a "special trust matter under the maxims of equity," (Pl's Mem. (DE 3) at 6), and a "private trust matter" with defendants "appointed as fiduciary trustee(s) [who] received delivery of special deposit" from plaintiff, (Compl. (DE 2) at

4

2), and an action for "equitable subrogation, substitution, and exoneration," (id. at 3), which do not constitute claims under federal law. See, e.g., Flying Pigs, LLC v. RRAJ Franchising, LLC, 757 F.3d 177, 181 (4th Cir. 2014) (holding that a plaintiff's request to "foreclose on the equitable lien awarded by the Guilford County court is manifestly a cause of action created by state law"). The substance of plaintiff's claim, liberally construed, is to relieve plaintiff of liability to defendants for a private commercial transaction, (see Pl's Mem. (DE 3) at 1-8), which is not a matter of federal law.

Plaintiff's references to historic federal documents and the Constitution in the complaint and accompanying papers, along with references to other historic state documents and laws, are not sufficient to confer federal question jurisdiction. See Interstate Petroleum Corp., 249 F.3d at 219. For example, in a section of plaintiff's complaint captioned "jurisdiction and notice of conflict and variance of law," plaintiff asserts:

> In the event the interpretation of words, doctrines, ideas, principles and laws are in conflict, then the interpretations shall be governed by that of English Chancery, established in the State of North Carolina as early as 1713, ratified by the Judiciary Act of 1789, and American Equity Jurisprudence and North Carolina Constitution circa 1776 which protection arises under my country governed by the written "We The People", "The Constitution for the united states of America" 1776, Article Three, Section Two, Clause One, Maxims of Equity, and private trust law: equity, the soul, intent, and spirit of the law, shall always prevail.

(Compl. (DE 2) at 1). References to the Constitution and federal laws in this manner do not "establish[] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Interstate Petroleum Corp., 249 F.3d at 219. Similarly unavailing is plaintiff's assertion that "conflict and variance of law . . . demands a court at equity ruled by the exclusive equity jurisprudence under Article Three, Section Two, Clause One of the Constitution of the [U]nited [S]tates of America 1776, whereby exclusive equity jurisprudence shall always prevail in the course of these special matters."

5

(Compl. (DE 2) at 2; see also Pl's Mot. (DE 1) at 3 (stating "Article III, § 2, subdivision 1 of the written constitution authorizes such proper jurisdiction")). Such references to the Constitution and equity, untethered from the basis for any claim under federal law, does not meet "the requirement that a pleading contain more than labels and conclusions." Giarratano, 521 F.3d at 304 n.5.

Likewise, plaintiff's assertions that she "demands civilian due process on both Federal and State levels," and that her rights "secured by the Fifth and Fourteenth Amendments to the Constitution" shall not be destroyed, (Compl. (DE 2) at 2), are insufficient to confer federal question jurisdiction. These assertions do not demonstrate "that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Interstate Petroleum Corp. This is especially so under the circumstances of the instant action, where defendants are not alleged to be "state actor[s]," and plaintiff does not allege any facts plausibly giving rise to a federal constitutional or civil rights claim. West v. Atkins, 487 U.S. 42, 49 (1988).

Accordingly, plaintiff does not "allege in h[er] pleadings the facts essential to show jurisdiction" on the basis of a federal question. Pinkley, 191 F.3d at 399.

2. Diversity Jurisdiction

Plaintiff also does not plead the necessary components of diversity jurisdiction. As an initial matter, she has not alleged "each defendant is a citizen of a different State from . . . plaintiff." Owen Equip. & Erection Co., 437 U.S. at 373. To the contrary, plaintiff alleges she "is a sentient being, born on the land/country of the State of Florida, temporarily visiting the State of North Carolina," and that one of the defendants is a "Florida-based automobile dealership." (Compl. (DE 2) at 1). Plaintiff further alleges that the "principal debtor, 'SUSANNE WONG'™/ 'Susanne Wong'," is "a Florida organization, including but not limited to all collateral, assets, funds, rights,

titles, interests." (Pl's Mem. (DE 3) at 1; see Pl's Cover Sheet (DE 4) at 1 (stating "county where action arose" is "[b]roward")). As such, plaintiff suggests both she and one of the defendants is a citizen of Florida, precluding diversity jurisdiction.

Plaintiff's assertion that she is "temporarily visiting the State of North Carolina," and provision of a New Bern, North Carolina" address in her signature block, (Compl. (DE 2) at 1, 5), are not determinative of the instant jurisdictional inquiry, because "residency is not sufficient to establish citizenship." Johnson v. Advance Am., 549 F.3d 932, 937 n. 2 (4th Cir. 2008). The court also takes judicial notice that plaintiff filed suit in 2023 in the United States District Court for the Southern District of Florida providing address in Davie, Florida. See Wong v. American Express Company, Case No. 0:23-CV-61454-AHS (Doc. 1 July 31, 2023) at 10. Thus, plaintiff has not pleaded diverse citizenship of the parties necessary to establish diversity jurisdiction.

Furthermore, plaintiff has not pleaded an amount in controversy exceeding $75,000.00. Rather, she alleges that defendants have demanded of plaintiff the sum of $27,295.35, and plaintiff suggests she has no obligation to pay this amount. (See Pl's Mem. (DE 3) at 4-6). Plaintiff also alleges no damages and pleads "no dollar demand." (Pl's Cover Sheet (DE 4) at 1; see Compl. (DE 2) at 3). Accordingly, an amount in controversy in excess of $75,000 also is not established "by reference to the plaintiff's complaint." JTH Tax, Inc., 624 F.3d at 638; see 28 U.S.C. § 1332(a).

In sum, plaintiff fails to make either an "affirmative pleading of a jurisdictional basis" or an allegation of "facts supporting jurisdiction" Pinkley, 191 F.3d at 399. Accordingly, the complaint must be dismissed "without prejudice" for lack of subject matter jurisdiction. Id. at 403. "A dismissal for lack of . . . subject matter jurisdiction . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." S.

Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

Finally, with respect to plaintiff's motions, where the court lacks subject matter jurisdiction, plaintiff's motions for hearing and direct assignment necessarily must be denied. Regarding plaintiff's motion to seal, plaintiff has not demonstrated a basis in law or in fact for sealing the case in its entirety, including the instant order. However, the court directs the clerk to maintain plaintiff's filings under seal where she has marked each page as "private – proprietary – restric[t]ed – confidential." (E.g., Pl's Mot. (DE 1) at 1; Compl. (DE 2) at 1; Pl's Mem. (DE 3) at 1).

## CONCLUSION

Based on the foregoing, on the court's own initiative, plaintiff's action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff's motions for hearing and direct assignment (DE 1) are DENIED. Plaintiff's motion to seal is granted in part and denied in part as set forth herein. The clerk is DIRECTED to maintain plaintiff's filings under seal but the case docket and the instant order are not sealed. The clerk is DIRECTED to close this case.

SO ORDERED, this the 4th day of June, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge